IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TAWAYNE D. LOVE,**

    **Plaintiff,**

v.                                         **CIVIL ACTION No.: 1:16cv171**
                                                  **(JUDGE KEELEY)**

**DIVINE ORTIZ,**

    **Defendant.**

### REPORT AND RECOMMENDATION

This matter is before the court pursuant to *pro se* Defendant, Divine Ortiz's Motion to Dismiss (ECF No. 15). On August 17, 2016, United States District Judge Irene M. Keeley referred this matter to the undersigned (ECF No. 3).

### I.  RELEVANT BACKGROUND

This case arises out of a contract dispute between Twayne D. Love (hereinafter "Plaintiff") and Divine Ortiz, CEO of ZitrO Publications (hereinafter "Defendant"). Plaintiff and Defendant contracted for Defendant to provide publishing services to Plaintiff. Specifically, Plaintiff alleges Defendant was required to publish Plaintiff's book, "Chasing a Dream," (hereinafter Work) and failed to adhere to the terms of the agreement. According to the complaint, Defendant has failed to do the following three things: (1) properly edit the Work, (2) administer a proper marketing plan and (3) properly pay Plaintiff the royalties owed to him. (Compl. [ECF No. 1at 7]). (Id at 8).

Plaintiff filed his complaint *pro se*, on August 17, 2016. ( Compl. [ECF No. 1]). *Pro se* Defendant filed his Motion to Dismiss on December 14, 2016. (ECF No. 15). In Order (ECF No. 17) dated December 20, 2016, the Court construed part of Defendant's

Motion to Dismiss as a Motion to Set Aside Entry of Default which was granted, and held in abeyance the portion requesting dismissal.  On December 21, 2016, Plaintiff filed a letter with the Court, which it construes as a "Motion for Extension of Time to Gather Evidence" (ECF No. 19).  On December 30, 2016, Plaintiff filed a letter (ECF No. 22) with the Court, which it construes as a "Motion  for Reconsideration of Default Entry."  On January 20, 2017, Plaintiff filed a motion requesting "Permission to Alter and/or Amend the Complaint." (ECF No. 23) and a "Motion to Expand the Record." (ECF No. 25).

The undersigned recommends that this case be dismissed for the lack of subject matter jurisdiction as discussed below, and if adopted by the District Court recommends the pending motions be dismissed as moot.

## II.   RELEVANT LAW

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P 12(h)(3).  In diversity of citizenship cases, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between [ ] [c]itizens of different States . . ." 28 U.S.C. §1332.  The amount in controversy is "what the plaintiff claims to be entitled to or demands." Scaralto v. Ferrell, 2:11-cv-533, 826 F. Supp.2d 481, 489 (S.D.W.Va. 2001).   Generally, for jurisdictional purposes, compensatory damages may be augmented by a good-faith claim for punitive damages, unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action. Mullin v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D.W. Va. 1994) (citing Bell v. Perferred Life Assurance Society, 320 U.S. 238,

(1943). "If relevant state law permits damages on the facts alleged, such punitive damages are part of the amount in controversy for jurisdictional amount purposes." Id. However, claims for punitive damages proffered for the purpose of achieving the jurisdictional amount should be carefully examined. Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983).

West Virginia state law generally prohibits an award for punitive damages in breach of contract actions "unless the conduct of the defendant constitutes an independent, intentional tort." Hayseeds, Inc. v. State Farm Fire &Cas., 352 S.E. 2d 73, 80 (W.Va. 1986) (citation omitted). Generally, cases involving tortious acts of fraud, malicious conduct, or misrepresentation may warrant punitive damages. See Med-Surg Group, Inc. v. Aetna Health Mgt., Inc., 832 F. Supp. 2d 659, 661 (S.D.W. Va. 2011) (finding it was possible for a complaint alleging fraud and misrepresentation to obtain punitive damages); Warden v. Bank of Mingo, 341 S.E.2d 679 (W.Va. 1985) (finding [p]unitive damages are allowed only where there has been malice, fraud, oppression, or gross negligence).

### III. ANALYSIS

It is undisputed that Plaintiff paid $500.00 to Defendant for publishing services and received $25.00 in royalty payments. Plaintiff asserts he should be reimbursed the $500.00 he paid to Defendant and receive an additional $500.00 for time "spent fixing Work," totaling $1000.00. Plaintiff also seeks $250,000.00 in punitive damages. Plaintiff's complaint does not specifically allege fraud or misrepresentation, but assuming arguendo it did, "punitive damages should bear a reasonable relationship to the harm that was likely to occur and the harm that actually occurred." Med-Surg Group,

832 F. Supp.2d 659, 661 (S.D.W.Va. 2011) (citing Crawford v. Snyder, 719 S.E.2d 774, 785 (W. Va. 2011). In this case, the $250,000.00 in punitive damages does not bear a reasonable relationship to the $1000.00 in actual damages, as there are no facts alleged in the complaint that warrant such a high punitive damages award. Plaintiff's claims for damages do not reach the $75,000 requirement unless he is able to obtain the punitive damages he seeks. Because he is unable to do that, the undersigned finds that subject matter federal jurisdiction on the grounds of diversity of citizenship is lacking. Accordingly, the undersigned finds that this case should be dismissed without prejudice, and that the pending motions should also be dismissed as moot.

## IV.     RECOMMENDATION

For the reasons herein stated, the undersigned respectfully **RECOMMENDS** that Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice for a lack of subject matter jurisdiction. Moreover, should the District Court adopt the undersigned's recommendation, the undersigned further **RECOMMENDS** that Defendant's pending Motion to Dismiss (ECF No. 15) be **DISMISSED AS MOOT**, and Plaintiff's "Motion for Extension of Time to Gather Evidence" (ECF No. 19), "Motion for Reconsideration of Default Entry" (ECF No. 22), request for "Permission to Alter and/or Amend the Complaint." (ECF No. 23) and "Motion to Expand the Record." (ECF No. 25) be **DISMISSED AS MOOT**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be

submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted this February 2, 2017

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE