**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**TAWAYNE D. LOVE,**

        **Plaintiff,**

    **v.**                       **//**         **CIVIL NO. 1:16CV171**
                                                   **(Judge Keeley)**

**DIVINE ORTIZ,**

        **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26],
GRANTING PLAINTIFF'S MOTION TO DISMISS [DKT. NO. 40],
AND DISMISSING THIS CASE WITHOUT PREJUDICE**

On August 18, 2016, the pro se plaintiff, Tawayne D. Love ("Love"),[1] filed a complaint against the pro se defendant, Divine Ortiz ("Ortiz"), alleging that Ortiz breached the parties' publishing contract (Dkt. No. 1). Pursuant to the contract, Ortiz and his company, ZitrO Publications, agreed to publish Love's novel, Chasing a Dream. Id. at 1. Love alleges that Ortiz failed to properly edit the work, market the work, and pay royalties for sales of the work. Id. at 7-8. For relief, he seeks $1,000 in actual damages and $250,000 in punitive damages. Id. at 8. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to the Honorable Michael J. Aloi, United States Magistrate Judge (Dkt. No. 3).

---

[1] Love is currently incarcerated at Federal Correctional Institution, Gilmer.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26],
GRANTING PLAINTIFF'S MOTION TO DISMISS [DKT. NO. 40],
AND DISMISSING THIS CASE WITHOUT PREJUDICE**

On September 8, 2016, Magistrate Judge Aloi granted Love's motion for leave to proceed in forma pauperis (Dkt. Nos. 5; 7), and the United States Marshals Service served the complaint on Ortiz's mother on November 2, 2016 (Dkt. No. 10). When Ortiz failed to file a timely answer or responsive pleading, Magistrate Judge Aloi directed the Clerk to enter default, and the Clerk did so on December 1, 2016 (Dkt. Nos. 11; 12). On December 14, 2016, however, Ortiz filed a motion to dismiss the complaint (Dkt. No. 15). Magistrate Judge Aloi construed the motion in part as a motion to set aside entry of default, and he set aside the Clerk's entry of default on December 20, 2016 (Dkt. No. 17). Thereafter, Love filed a number of motions, including a motion seeking leave to amend his complaint and a response to Ortiz's motion to dismiss (Dkt. Nos. 23; 25).[2]

On February 2, 2017, Magistrate Judge Aloi filed a Report and Recommendation ("R&R") recommending that the Court dismiss Love's complaint without prejudice because his allegations failed to satisfy the $75,000 amount-in-controversy requirement of diversity

---

[2] Love also filed several letters seeking the reentry of default, an extension of time to gather evidence, and an order directing Ortiz to disclose an addendum to the parties' contract (Dkt. Nos. 19; 22).

**LOVE v. ORTIZ**                                                    **1:16CV171**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26],
GRANTING PLAINTIFF'S MOTION TO DISMISS [DKT. NO. 40],
AND DISMISSING THIS CASE WITHOUT PREJUDICE**

jurisdiction (Dkt. No. 26). First, he reasoned that punitive damages are unavailable in a breach of contract case unless the conduct "constitutes an independent, intentional tort," such as fraud, malicious misconduct, or misrepresentation, which Love did not allege. Id. at 3. Second, Magistrate Judge Aloi reasoned that, even had Love alleged such a distinct tort, $250,000 in punitive damages does not bear a reasonable relationship to the alleged $1,000 in actual damages. Therefore, Magistrate Judge Aloi recommended that the Court dismiss the case and deny all pending motions as moot. Id. at 4.

On February 21, 2017, Love filed objections to the R&R, as well as a renewed motion seeking leave to amend his complaint (Dkt. Nos. 30; 31). He conceded that Magistrate Judge Aloi's assessment of the amount in controversy is "fair," but argued that his "issues are predicated upon further factual development" (Dkt. No. 30 at 2). Love averred that he "was not aware that these facts were necessary to plead in the body of the complaint," but that they "became relevant only during discovery" (Dkt. No. 31 at 1). If permitted to amend, Love intended to supplement his complaint with allegations regarding the "commercial ramifications of improperly edited e-books," the number of books actually sold, and the effects

3

**LOVE v. ORTIZ**                                                    **1:16CV171**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26],
GRANTING PLAINTIFF'S MOTION TO DISMISS [DKT. NO. 40],
AND DISMISSING THIS CASE WITHOUT PREJUDICE**

of being denied the ability to purchase copies of the book for resale. Id. at 2. He further argued that "copies of telephone conversations from the B.O.P. . . . are necessary to show [Ortiz's] malicious intent" to "prey[] upon writers who are incarcerated" (Dkt. No. 30 at 3).

On April 7, 2017, noting that Love had failed to file a proposed amended complaint as required by LR Civ P 15.01, the Court directed him to do so by May 5, 2017 (Dkt. 35 at 4). It further indicated that, upon receipt of Love's proposed amended complaint, it would consider Magistrate Judge Aloi's recommendations as well as Love's motion for leave to file his amended complaint. Id. at 4-5.

On May 11, 2017, Love filed a "Motion to Dismiss" the case (Dkt. No. 40). Contrary to his prior objections, Love now concedes that the R&R is correct that the "action [should] be dismissed for lack of subject matter jurisdiction"; he advises that he intends to refile the case in state court. Id. at 1.[3] The Court thus **CONSTRUES** this filing as a withdrawal of Love's objections.

---

[3] Love's Motion to Dismiss also requests that the Court direct the Bureau of Prisons ("BOP") "to deduct %15 percent of his pay-check, as well as all incoming monies" until his court costs have been satisfied (Dkt. No. 40 at 1).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26],
GRANTING PLAINTIFF'S MOTION TO DISMISS [DKT. NO. 40],
AND DISMISSING THIS CASE WITHOUT PREJUDICE**

When reviewing a magistrate judge's R&R, the Court must review de novo only the portion to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the parties do not object. See Camby v. Davis, 718 F.2d 198, 199-200 (4th Cir. 1983). Courts will uphold those portions of an R&R to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because Love has withdrawn his objections to the R&R, and has expressed agreement with its conclusion, the Court is under no duty to conduct a de novo review of Magistrate Judge Aloi's findings. Furthermore, following a review of the R&R and the record for clear error, the Court adopts the opinion of the Magistrate Judge for the reasons discussed in the R&R (Dkt. No. 26).

In conclusion, the Court:

1. **ADOPTS** the R&R (Dkt. No. 26);
2. **GRANTS** Love's Motion to Dismiss (Dkt. No. 40);
3. **DENIES AS MOOT** Ortiz's Motion to Dismiss (Dkt. No. 15);
4. **DENIES AS MOOT** Love's Motion for Extension of Time to Gather Evidence (Dkt. No. 19);

**LOVE v. ORTIZ**                                                              **1:16CV171**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING PLAINTIFF'S MOTION TO DISMISS [DKT. NO. 40], AND DISMISSING THIS CASE WITHOUT PREJUDICE**

5.  **DENIES AS MOOT** Love's Motion for Reconsideration (Dkt. No. 22);

6.  **DENIES AS MOOT** Love's Motion to Alter and/or Amend the Complaint (Dkt. No. 23);

7.  **DENIES AS MOOT** Love's Motion to Expand the Record (Dkt. No. 25);

8.  **DENIES AS MOOT** Love's Motion to Hold in Abeyance (Dkt. No. 31);

9.  **DENIES AS MOOT** Love's Second Motion to Expand the Record (Dkt. No. 32);

10. **WAIVES** Love's obligation to pay the filing fee; and

11. **DISMISSES** this case **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to the pro se plaintiff and pro se defendant by certified mail, return receipt requested, and to enter a separate judgment order.

DATED: May 12, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE